IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARK ANTHONY FOUNTAIN,**                                                  **PLAINTIFF**
**# K8577**

**v.**                                                              **CAUSE NO. 1:17CV80-LG-RHW**

**JOHN L. HUNTER**                                                                       **DEFENDANT**

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Mark Anthony Fountain initiated this action on March 17, 2017. At the time, he was incarcerated with the Mississippi Department of Corrections.

On June 12, 2017, the Court ordered Fountain to respond to certain inquiries regarding the Complaint, by June 26. Having received no response, on July 10, the Court entered the Order to Show Cause [11], ordering Fountain to show cause, by July 24, why this case should not be dismissed for failure to prosecute and obey the Court's prior Order [8]. When Fountain still failed to respond, the Court entered the Second Order to Show Cause [13], on August 7, giving him one last chance to comply.

All Orders were mailed to Fountain's address of record, and all were returned as undeliverable and indicating that he has been released. To date he has not responded, provided a change of address, or otherwise contacted the Court. The

Court has warned Fountain that failure to comply or to keep the Court apprised of his address may result in this case being dismissed. (2d Order to Show Cause at 1-2); (1st Order to Show Cause at 1); (Order Requiring Pl. to Respond at 1); (Order Setting Payment Schedule at 2); (Dkt. 4 at 2); (Dkt. 3 at 2). It is apparent from his failure to respond or otherwise communicate with the Court that Fountain lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since Defendant has never been called upon to respond to the Complaint nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 13th day of September, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE